(12 Misc. Rep. 575.)

### LAZARUS v. SANDS.

(City Court of Brooklyn, General Term. May 27, 1895.)

FACTORS AND BROKERS—EMPLOYMENT.

In an action for a violation of defendant's duty to plaintiff as broker, it appeared that defendant informed plaintiff that he had certain lots on his books, and offered them for $17,500. The lots had been placed with defendant by E., another broker, and the price asked by defendant was that fixed by the owner. Plaintiff refused to buy at that price, and offered $13,000. Defendant reported the bid to E., who was informed by the owner that he could have the lots at $12,000, without commissions, and E. instructed defendant to offer the lots to plaintiff for $14,000, which offer plaintiff accepted. Defendant then procured a contract, and reported that he had bought the property for plaintiff. *Held*, that the evidence did not show that defendant was employed by plaintiff so as to make him liable for the difference between the price at which the owner was willing to sell and the price asked.

Appeal from trial term.

Action by Edward R. Lazarus against Charles J. Sands to recover damages for violation of defendant's duty to plaintiff as a real-estate broker. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Chas. F. Brandt, for appellant.

A. Simis, Jr., for respondent.

OSBORNE, J. Plaintiff, for a cause of action against the defendant, alleges in his complaint that he "employed defendant in the

capacity of a broker to conduct the negotiations for the purchase of certain premises in the town of Flatbush, Kings county"; that defendant, instead of purchasing said premises for the sum of $12,000, as he might have done, and which it was his duty to do as the trusted agent and representative of the plaintiff, fraudulently advised and counseled plaintiff to pay $14,000 therefor, and divided the difference of $2,000 between himself and one Edgerton, to plaintiff's damage $2,000. On the first trial of this action, plaintiff obtained a verdict in his favor, which, on appeal, we set aside on the ground that there was not sufficient evidence to make out a prima facie case that plaintiff employed defendant as his broker and agent to negotiate for the purchase of the premises in question. Vide 7 Misc. Rep. 282, 27 N. Y. Supp. 885. On the second trial, plaintiff was nonsuited, and he now appeals from the judgment dismissing the complaint.

We have carefully examined the evidence submitted by plaintiff on the second trial, and we fail to see that he has made out such a case as to induce us to alter the views expressed by us on the former appeal. The evidence on the main issue, in support of plaintiff's claim that he employed defendant as his broker to negotiate the purchase in question, is substantially the same as that presented on the first trial. True, on this trial plaintiff produced his bookkeeper to corroborate his testimony in one particular, but the evidence still falls short of making out a prima facie case that the defendant was employed by plaintiff as his broker. It plainly appears from the evidence that defendant, whom plaintiff knew to be a real-estate broker, had the lots in question on his books for sale, that he called the attention of plaintiff's wife to them, and that she told her husband that defendant had the lots for sale. Negotiations then began between plaintiff and defendant for the sale of the lots, and, while it is clear that defendant urged plaintiff to make the purchase, and indulged in the usual roseate representations customary with many brokers as to the desirability of the purchase at the price which defendant named, yet nowhere is there, in our opinion, any evidence to alter the position which the parties occupied at the very outset of the negotiations, when, as above stated, defendant had the lots on his books, as a broker, for sale, and was seeking to induce plaintiff to buy them for the highest price, and plaintiff, on his part, was endeavoring to obtain them as cheaply as possible; and, in confirmation of this position of the parties, it appears that, when the contract for the purchase was signed by plaintiff, it contained a clause reciting that defendant was the broker in the sale, and entitled to a commission from the seller. We may add that plaintiff's position is utterly inconsistent with the claim he here asserts. He knew the defendant was a broker, seeking to dispose of the lots for the seller, and consequently owing the seller the duty of obtaining the highest possible price, yet plaintiff's contention is that defendant was in duty bound to procure the lots for him, plaintiff, at the lowest possible price, regardless of his obligation to the seller. The learned counsel for the appellant has submitted to us an exhaustive

brief on the good faith due from a broker to his principal, and the authorities cited by him have our hearty concurrence, but we cannot see that they are applicable to this case, because plaintiff has failed to show that defendant occupied the position of broker for plaintiff in the transaction in question. Judgment dismissing the complaint should be affirmed, with costs.